IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION,                                 ) <br>                                                        ) <br>          Plaintiff,                                 ) <br>                                                        ) <br>     v.                                                ) <br>                                                        ) <br> ALLSTATE INSURANCE COMPANY   ) <br>                                                        ) <br>          Defendant(s).                         ) | CIVIL ACTION NO. <br><br> COMPLAINT <br><br> JURY TRIAL REQUESTED |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to former employee-agents of Defendant who were adversely affected by Defendant's hiring moratorium of former employee-agents who were subject to Defendant's *Preparing for the Future Group Reorganization Plan,* and to provide appropriate relief to Joseph Tomec, and other former employee-agents whom Defendant refused to hire because of their age.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§216(c) and 217.

2. The employment practices alleged to be unlawful were committed throughout the United States of America, including within the jurisdiction of the United States District Court for the Eastern District of Missouri.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Allstate Insurance Company, has continuously been an Illinois Corporation doing business in the State of Missouri and the County of St. Louis and the City of St. Louis, and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

STATEMENT OF CLAIMS

7. Since at least June 2000, the Defendant has engaged in unlawful employment practices at all of its facilities in the United States of America, including its facilities in St. Louis County and the City of St. Louis, Missouri, in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a), as described below.

### Adverse Impact of Defendant's Rehire Moratorium Policy

(a) Defendant in June 2000 implemented a policy (hereinafter "rehire moratorium policy") whereby it would not rehire any of its employee-agents who were subject to its *Preparing for the Future Group Reorganization Plan* for a period that was the longer of (1) one year, or (2) the period of time during which they received severance benefits.

(b) Defendant's rehire moratorium policy had an adverse impact on former employee-agents who were members of the protected age group.

(c) There was no legitimate business reason or purpose for Defendant's rehire moratorium policy.

(d) Defendant's rehire moratorium policy resulted in Defendant's refusal to hire applicants who were former employee-agents, a disproportionate number of whom were 40 years of age or older, and to deter from applying would-be applicants who were former employee-agents, a disproportionate number of whom were 40 years of age or older, in violation of the ADEA.

**Disparate Treatment of Tomec and Other Similarly Situated Applicants**

(e)  Defendant refused to rehire Joseph Tomec (then 51) for positions at its call centers in the Chicago, Illinois area, because of his age.

(f)  Defendant refused to hire other former employee-agents (who were 40 years of age or older) because of their age.

8.  The effect of the practices complained of in paragraph 7 (a) - (d) above has been to deprive former employee-agents of equal employment opportunities and otherwise adversely affect their status as applicants or potential applicants for employment because of their age.

9.  The effect of the practices complained of in paragraph 7 (e) - (f) above has been to deprive Joseph Tomec and other similarly situated applicants of equal employment opportunities and otherwise adversely affect their status as applicants for employment because of their age.

10.  The unlawful employment practices complained of in paragraphs 7(e) - (f) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

  B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

  C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, and prejudgment interest, to individuals whose wages are being unlawfully withheld as a result of the acts complained of in Paragraphs 7(a) -(d), including, but not limited to Joseph Tomec.

  D. Grant a judgment requiring Defendant to pay liquidated damages in an amount equal to their back wages to individuals whose wages are being unlawfully withheld as a result of the acts complained of in Paragraphs 7(e) - (f), including but not limited to Joseph Tomec.

  E. Order Defendant to make whole those individuals whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the continued withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial.

  F. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful place hiring of Joseph Tomec, and all other persons age 40 and over who were subject to Defendant's hiring moratorium policy.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Robert G. Johnson*
ROBERT G. JOHNSON, No. 10511
Regional Attorney

*C. Felix Miller*
C. FELIX MILLER, No. 10549
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce, Room 8.100
St. Louis, MO 63103
314-539-7949
fax: 314-539-7895