UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT , ) | |
| OPPORTUNITY COMMISSION, ) | |
|     Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:04CV01359 ERW |
| ) | |
| ALLSTATE INSURANCE CO., ) | |
| ) | |
|     Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Allstate Insurance Company's Motion to Certify for Interlocutory Appeal [doc. #73].

**I. PROCEDURAL BACKGROUND**

The Plaintiff, Equal Employment Opportunity Commission ("Plaintiff"), sued the Defendant, Allstate Insurance Company ("Defendant"), for alleged violations of the Age Discrimination in employment Act of 1967 ("ADEA"), 29 U.S.C. § 626(b). Plaintiff alleged that Defendant's rehire policy associated with the Preparing for the Future Group Reorganization Plan ("Reorganization Plan"), had an adverse impact on former employee-agents who were members of the protected age group, and that these former employee-agents were barred from rehire. *Pl. Comp.,* 3-4. Plaintiff further alleged that the reasons for the rehire policy articulated by the Defendant were not reasonable. *Id.* Defendant denies these allegations. Prior to seeking relief in federal court, the Plaintiff attempted conciliation in accordance with the terms of the ADEA, 29 U.S.C. § 626(b). Following discovery, both parties filed motions for summary judgment. On October 19, 2006, this Court partially granted Plaintiff's Motion for Partial Summary Judgment,

1

and denied Defendant's Motion for Partial Summary Judgment. Defendant now seeks to amend that order to certify the following questions of law for interlocutory appeal: (1) Whether a disparate impact claim is cognizable under the ADEA in the context of a rehire case; and (2) whether the two approaches to disparate impact proffered by EEOC, and adopted by the Court, may establish disparate impact as a matter of law.

## II. FACTUAL BACKGROUND

Prior to November, 1999, the Defendant had a business structure which included the employment of approximately 6,300 employee-agents, who sold Allstate property and casualty insurance. These agents were employed primarily under either a R-830 or R-1500 employment contract. In November, 1999, the Defendant announced its Reorganization Plan, which would terminate the employment contracts of its employee-agents, effective June 30, 2000.[1] Concurrent with the announcement of the Reorganization Plan, the Defendant gave each employee-agent four options upon termination of their contracts. The first two options allowed an employee-agent to become an Exclusive Agent ("independent contractor agent"), the third provided enhanced severance pay on condition of signing a release of legal claims against the Defendant, and the fourth provided base severance pay without requiring the employee agent to sign a release of liability. Under the first two options the employee agent would receive a bonus payment of at least $5,000 and would continue working for the Defendant as an independent contractor agent. One of the conditions of entering a new contract with the Defendant as an independent contractor was that the former employee agent would be required to sign a release of liability. Former employee-agents were given until June 1, 2000, to choose between the four options.

---

[1] There were a few exceptions that are not relevant to this lawsuit.

In association with the Reorganization Plan, the Defendant also adopted a rehire policy that was implemented in September, 2000. The policy provided that former employee-agents, who were subject to the Reorganization Plan, would be ineligible for rehire for a period of one year after their termination, or after all payments of any severance benefits had been received. This prevented any former employee-agent from being rehired in a non agent position, as all employee-agent positions had been eliminated, for a period of at least one year and at longest two years from the date of termination, in most cases June 30, 2000. Some former employee-agents were rehired by the Defendant, between their termination date on June 30, 2000, and the implementation of the rehire policy on September 26, 2000. The rehire policy was developed by Karleen Zuzich, who is Assistant Vice President of Human Resources for the Defendant, and was adopted and implemented by the Defendant. The policy was distributed to the Defendant's regional human resources managers, but the policy was not communicated generally to former employee-agents. This policy applied to all former employee-agents, regardless of age.

## III. LEGAL STANDARD

Under 28 U.S.C. § 1292(b),

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

This provision sets forth three requirements that must be met before a district court opinion may be certified for interlocutory appeal. *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994). Specifically, "the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial grounds for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Id*. *See also SBL v. Evans*, 80 F.3d 307, 309-

310 (8th Cir. 1996). The Eighth Circuit has also emphasized that "it is the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White*, 43 F.3d at 376. *see also Control Data Corp. v. International Business Machines Corp.*, 421 F.2d 323, 325 (8th Cir. 1970) ("It has, of course, long been the policy of the courts to discourage piecemeal appeals. . .."). In accordance with the policy of discouraging interlocutory appeals, "§ 1292(b) should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation. . .." *White*, 43 F.3d at 376. In reaching this determination, the burden is on the movant "to demonstrate that the case is an exceptional one in which immediate appeal is warranted." *Id*. It is within the trial court's discretion to grant or deny a motion for interlocutory appeal, and also within the discretion of the court of appeals to certify the appeal. *Id*. A district court's grant of interlocutory appeal must be in writing, and must state the basis for the interlocutory appeal. *Federal Deposit Ins. Corp. v. First Nat. Bank of Waukesha, Wis.* 604 F.Supp. 616, 620 (D. Wis. 1985) ("he shall so state in writing in such order."). Furthermore, the application for appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

**III. DISCUSSION**

The Defendant argues that the two issues decided in this Court's order dated October 19, 2006, which granted in part Plaintiff's motion for partial summary judgment, are controlling questions of law. *Def. Memo. in Support of Mot. to Certify for Interlocutory Appeal*, 1. The first controlling question of law is this Court's determination that the Plaintiff's challenge to Defendant's rehire rule falls under 29 U.S.C. § 623(a)(2), rather than § 623(a)(1), allowing a disparate impact case to go forward. The second question this Court decided, was what method

to use in determining whether there was a disparate impact. The Defendant argues that both of these are controlling questions of law, and Plaintiff does not disagree with this assessment. *Pl. Memo. in Opp. to Def. Mot. to Certify for Interlocutory Appeal*, 2. However, the parties do disagree over whether there is substantial grounds for a difference of opinion, and whether an interlocutory appeal would materially advance the ultimate termination of the litigation.

### A. Controlling Question of Law

Although the parties do not dispute that this Court's order, partially granting Plaintiff's motion for summary judgment and denying Defendant's motion for summary judgment, contained two controlling questions of law, the Eighth Circuit requires this court to state more than a mere conclusion. *White*, 43 F.3d at 377 ("strongly suggesting to district judges the advisability of stating more than a bare finding that the statutory requirements of § 1292(b) have been met." (quoting *Isra Fruit Ltd. v. Agrexco Agric Export Co.*, 804 F.2d 24, 25 (2nd Cir. 1986)). First, the question for appeal must be a legal one, not one that is within the discretion of the trial court. *Id.* ("[T]his discovery ruling is committed to the district court's discretion, and an allegation of abuse does not create a legal issue."); *see also Control Data Corp. v. International Business Machines Corp.*, 421 F.2d 323, 326 (8th Cir. 1970) ("Such a discretionary ruling is not one that constitutes a controlling question of law. . . ."). Furthermore, even if a question is one of law, and not within the discretion of the trial court, it must be more than just determinative of the case at hand, rather "a question is controlling only if it may contribute to the determination, at an early stage, of a wide spectrum of cases." *FDIC*, 604 F.Supp. at 620.

This Court held, in its October 19, 2006 order, that no material issue of fact existed regarding Defendant's rehire policy, and that such policy was subject to 28 U.S.C. § 623(a)(2), and further that the methods used by Plaintiff were sufficient to show a disparate impact. Case

No. 4:04cv001359, Doc.#70. In contrast to the case in *White*, the order Defendants seek to appeal was a summary judgment order, which is granted when one party is entitled to judgment as a matter of law, and is reviewed de novo by the court of appeals; it is not a question of discretion. Fed. R. Civ. P. 56(c); *Jacob-Mua v. Veneman*, 289 F.3d 517, 520 (8th Cir. 2002) ("The district court's grant of summary judgment is reviewed de novo."); *See also White,* 43 F.3d at 377. Furthermore, the questions decided by this court may contribute to the determination of a wide spectrum of cases. *FDIC*, 604 F.Supp. at 620. The determination that a rehire policy falls under § 623(a)(2) of the ADEA, and therefore is subject to a disparate impact analysis, will effect the determination of future cases challenging rehire policies. The rulings made by this Court's order are not limited in impact to the case at bar. Thus, although an interlocutory appeal is not appropriate solely because the case involved a novel question of law, it is appropriate in a case such as that before this Court, where the Court's decision will impact future cases. Furthermore, the questions presented for appeal, if overruled, would terminate the action. *See e.g. Klilnghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauri in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2nd Cir. 1990) ("[I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action."). These are not preliminmary questions, that "may evaporate in the course of further proceedings, *SCM Corp. v. Xerox Corp.*, 474 F.Supp. 589, 594 (D. Conn. 1979), but rather are controlling of whether the case goes forward, and therefore the first requirement has been satisfied.

    **B. Substantial Grounds for Difference of Opinion**

    The Defendant spent a great deal of time, both in its brief and in oral arguments, arguing why this Court's prior decision was incorrect. The Court is not persuaded by this argument, nor is the Court persuaded that solely because this was a question of first impression in the Eighth

6

Circuit, is the requirement that there be substantial grounds for difference of opinion satisfied. That the Defendant disagreed with a ruling adverse to its interest is unremarkable. Furthermore, a lack of precedent on a legal question, will not alone, satisfy the requirement. *White*, 43 F.3d 378 ("However, substantial ground for difference of opinion does not exist merely because there is a dearth of cases."). *See also FDIC*, 604 F.Supp. at 620 ("[T]he mere fact that there is a lack of authority on a disputed issue does not necessarily establish some substantial ground for a difference of opinion under the statute."). Rather, the court in *White*, held that where there was a closely analogous body of law that had been unanimously decided, there was not a substantial ground for a difference of opinion. 43 F.3d at 378. In addition to a lack of precedent being insufficient to satisfy the second requirement, the Wisconsin court, in *FDIC*, also noted that § 1292(b) is "not intended merely to provide an avenue for review of difficult rulings in hard cases." 604 F.Supp. at 620. While it is clear that a lack of precedent alone is insufficient for a finding of a substantial ground for a difference of opinion, there is little case law which discusses when such a ground does exist,[2] rather the focus of the cases is on the first and last requirements. *See e.g. Beck v. Communications Workers of America*, 468 F.Supp. 93, 96 (D. Md. 1979) ("This court is not of the opinion that this is an issue which requires application of the statute: it involves neither a 'controlling question of law,' nor would an interlocutory appeal 'materially advance the ultimate termination of (this) litigation.'").

In the case at bar there are a number of factors, that when looked at as a whole, provide a basis for finding substantial grounds for a difference of opinion. First, the Court notes that the most recent Supreme Court decision on the question of disparate impact cases under the ADEA

---

[2]The parties in the briefs cite to no cases which define the second requirement in positive terms.

7

has been subject to little review by the lower courts. *Smith v. City of Jackson, Mississippi*, 544 U.S. 228 (2005). The Court in *City of Jackson*, held that a disparate impact claim is cognizable under 28 U.S.C § 623(a)(2), but did not address what cases that encompasses, nor did it address what method was to be used in determining whether a disparate impact exists. *Id.* at 228. Secondly, the Court notes the uniqueness of a rehire policy. On its face it is illogical to treat this as a hiring case, when the rehire policy effected only a small subset of individuals applying for positions with the Defendant, however, it does not squarely fit within the language of § 623(a)(2) which by its terms applies to employees. Thirdly, the Court notes the lack of precedent on this question, as well as a lack of analogous cases in either the ADEA or Title VII context. Although, a lack of precedent alone is insufficient to support an interlocutory appeal, the Court finds that this is a factor which may be considered in determining whether there is a substantial ground for difference of opinion. These factors support a finding that there is a substantial ground for difference of opinion on the questions decided in this Court's October 19, 2006 order, thereby satisfying the second requirement under § 1292(b).

### C. Materially advance the Ultimate Termination of the Litigation

The third requirement necessitates a showing that the case at bar is an extraordinary case where "the decision of an interlocutory appeal might avoid protracted and expensive litigation." *U.S. ex rel. Hollander v. Clay*, 420 F.Supp. 853, 859 (D. D.C. 1976) (citing the legislative history of 28 U.S.C. 1292(b)). In reaching this determination "the district court is well-advised to review the procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial, and the nature and scope of the requested relief." *FDIC*, 604 F.Supp. 616, 620. Furthermore,

"whether an immediate appeal may materially advance the ultimate termination of the litigation can properly turn on pragmatic considerations." *SCM Corp.*, 474 F.Supp. at 594.

The most persuasive argument to this Court, is that the ensuing litigation to determine liability and damages for each of one hundred claimants will be complex and lengthy. There are one hundred claimants, and this Court has determined that the trial of no more than six claimants at a time is appropriate. The case could continue for over a year in order to complete the trials for each claimant. This Court finds that an immediate appeal may advance the ultimate termination of the litigation because a decision by the Court of Appeals upholding this Court's decision may encourage the parties to settle after the trial of only a few claimants, rather than continuing with the trial of all claimants in order to preserve the appealability of the questions at issue in this order. Furthermore, the Defendant requested, and this Court ordered, additional depositions to be taken, prior to the first trial in this matter, with the possibility that future depositions be allowed prior to future trials of the remaining claimants. Due to the lengthy process that is before this Court, it is appropriate to certify the controlling questions of law for immediate appeal, so that the case may go forward with the knowledge of both parties that the questions were correctly decided.[3]

## IV. CONCLUSION

The three requirements for an interlocutory appeal under 28 U.S.C. § 1292(b) have been met in this case, and therefore this Court, in its discretion, certifies its October 19, 2006 order for

---

[3]The Court notes that the Plaintiff argues that appeal at this point will not materially advance the litigation because of the possibility of multiple interlocutory appeals. This argument is based on the fact that the October 19, 2006 order did not decide whether the Defendant had a reasonable basis for its rehire policy, thereby shielding it from liability. The Plaintiff argues that Defendant may later seek to appeal an adverse decision on that question. However, that is a question that is to be decided by the jury, and does not negate the Court's reasoning that an appeal at this time will materially advance the termination of the litigation.

9

immediate appeal. The Court believes that the Defendant has met its burden of proving that this is such an exceptional case where an interlocutory appeal of the controlling legal questions may materially advance the ultimate termination of the litigation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Interlocutory Appeal [doc. #73] is **GRANTED.** This Court's October 19, 2006 order is amended to certify the following questions for immediate appeal:

1. Does a challenge to a rehire policy fall under 29 U.S.C. § 623(a)(2), allowing a disparate impact case to go forward?

2. Was the method of determining a disparate impact used by this Court sufficient to show a disparate impact as a matter of law?

**IT IS FURTHER ORDERED** that the current action is stayed, pending the outcome of the appeal.

Dated this <u>4th</u> Day of <u>January</u>, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE