IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 4:04CV01359 ERW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED ORDER

### I. Introduction

On October 8, 2004, Plaintiff Equal Employment Opportunity Commission ("Commission") filed this action charging Defendant Allstate Insurance Company ("Defendant" or "Allstate") with violating the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621 et seq. The Commission claimed that Defendant engaged in unintentional discrimination by implementing a policy restricting for a period of up to two years the reemployment of its employees whose employment contracts were terminated by Defendant's *Preparing for the Future Group Reorganization* and that this policy had an adverse impact on Defendant's employees who were age forty and over. This Stipulated Order ("Order") is entered into by Defendant without admission that any of its acts, past or present, are in violation of any law; accordingly, the Order shall not constitute an admission, adjudication or finding on the merits of the allegations made in the Commission's complaint.

The parties now wish to resolve this lawsuit without the burden, expense, and delay of further litigation.

THEREFORE, upon the consent and stipulation of the parties, it is

ORDERED and DECREED that:

## II. Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this action.

## III. Findings

A.   The purposes of the ADEA will be furthered by the entry of this Order.

B.   The terms of this Order constitute a fair and equitable settlement of this action. The Court previously held that this case involves a question of controlling law on which there is a substantial ground for difference of opinion. A compromise settlement is appropriate and reasonable.

## IV. Scope

This Order covers all claims that Defendant failed to rehire because of their age employees whose employment contracts with Defendant were terminated as part of the *Preparing for the Future Group Reorganization* announced in November 1999 and results in a complete resolution of all claims raised in the EEOC's Complaint. EEOC hereby releases Defendant with respect to any and all such claims, except EEOC shall retain the right to seek enforcement of the provisions of this Order.

## V. Term

The term of this Order shall be three years from the date of its entry. During this period, the Court shall retain jurisdiction to enforce this Order.

## VI. Prospective Relief

A.   During the term of this Order, prior to adopting any new policy that limits the re-employment of former employees, or individuals employed at the time the policy is adopted, whose employment is terminated involuntarily in a reorganization program or reduction-in-force,

2

Defendant shall determine whether the policy disqualifies for re-employment a disproportionate number of individuals who are age 40 and above, utilizing as a standard for disparate impact the Uniform Guidelines on Employee Selection Procedures, 29 C.F.R. § 1607.4(D).

B.  If the policy does disproportionately disqualify for re-employment individuals age 40 and over, Defendant will not implement such policy without first providing the Commission with 14 days written notice of its intent to implement the policy (as set forth in Section XI of this Order, "Reporting)," providing the Commission with a written statement of the reasons for the policy, and giving the Commission a reasonable opportunity to meet and discuss the policy.

C.  Any new policy that limits the re-employment of former employees, or individuals employed at the time the policy is adopted, must comply with the requirements of the ADEA.

## VII. Monetary Remedy

A.  Defendant agrees to pay a total of $ 4.5 million ("Settlement Fund"). This Settlement Fund shall be paid to individuals who have been identified by the Commission in its sole discretion on Exhibit 1 ("Eligible Claimants and Amount of Proposed Distribution"), in the amounts set forth on Exhibit 1, provided these individual amounts are approved by the Court under Section VIII(C) of this Order, and subject to the requirement of Section VII(C) of this Order. These individual amounts were determined by the Commission by the methodology described in Exhibit 1-A ("Monetary Distribution Methodology"). Of each individual's share, 75% shall be deemed an amount in lieu of wages and benefits, and 25% shall be deemed interest. No other benefits, including pension credits, are provided to the Eligible Claimants under this Order or otherwise.

B.  Defendant's required contributions for FICA or Medicare shall not be paid from the Settlement Fund.

3

C. An Eligible Claimant shall not receive the monetary payment required under this section unless within 50 days after being sent notice that the Court has issued its Settlement Allocation Order pursuant to, and defined in, Section VIII(C) below, the Eligible Claimant provides to the Defendant, in the manner prescribed in the notice described in Section VIII(D) below, an executed Agreement and Release in the form set forth as Exhibit 2 ("Agreement and Release"). The parties, by written agreement, may accept an untimely release, provided the release is received by Defendant within one year of the Settlement Allocation Order issued under Section VIII(C).

D. Within 45 days after the Settlement Allocation Order issued under Section VIII(C), Defendant shall notify the Commission of the amount to be paid to each individual (and the amount of taxes withheld) based on the above provisions of this Section. Federal income taxes shall be withheld on the amount deemed in lieu of wages and benefits, based on a 25 % tax rate for each Eligible Claimant. State and local taxes shall be withheld as applicable.

E. Within 65 days after notice is issued under Section VIII(C), or within 21 days of Defendant's receipt of an Eligible Claimant's executed Agreement and Release, whichever is later, Defendant shall mail to each Eligible Claimant (or their estates or heirs) who enters into an Agreement and Release as required by Section VII(C), a check in the amount required by the Settlement Allocation Order, less applicable withholdings, along with a statement of the taxes withheld. Simultaneously, Defendant shall notify the Commission of the amounts paid and the amount of the withholdings (a document containing this information, such as an Excel spreadsheet, may be provided to satisfy this requirement). If any checks are returned or are not cashed, Defendant shall notify the Commission promptly so that the Commission may take further steps to reach those Eligible Claimants. If after 13 months from issuance of the

Settlement Allocation Order under Section VIII(C) any funds are unable to be distributed as required by this section, they shall be distributed pro rata (based on the allocation approved by the Court in the Settlement Allocation Order) to Eligible Claimants who timely submitted a release and cashed settlement checks. These payments shall also be subject to the tax withholdings required under this Order.

VIII. Notice To Eligible Claimants

A. Within 14 days after the Court's approval of this Order, the Commission shall mail a notice substantially in the form attached as Exhibit C ("Notice to Eligible Claimants of Stipulated Order") to each Eligible Claimant listed on Exhibit 1. This Notice will instruct Eligible Claimants that they may comment on or object to the Court, in writing, on the methodology for allocating the Settlement Fund or on whether an error was made in calculating their payments under the methodology described in Exhibit 1-A, and will provide such by the deadline by which any comments or objections must be mailed. Within the same 14-day period, the Commission shall provide Allstate with Social Security numbers and mailing addresses for the Eligible Claimants and such other information as necessary for Allstate to comply with its payment obligations under this Agreement.

B. Any Eligible Claimant who wishes to comment or object to the methodology for allocating the Settlement Fund or on whether an error was made in the calculation of his or her payment under the methodology, must submit comments or objections to the Commission by certified mail, with a copy mailed to Defendant, postmarked on or prior to October 26, 2009 (the "Objection Deadline").

C. Within 14 days after the Objection Deadline, the Commission shall file with the Court all comments and objections received by the Commission pursuant to subsection (B), including comments and objections received after the Objection Deadline, along with the

5

Commission's written position on each comment and objection, if any. Defendant may also file a written position on the comments and objections, provided Defendant's position is filed with the Court within the same 14-day period. Upon consideration of these written comments and objections, the Court shall issue an order (the "Settlement Allocation Order") that approves the individual allocations on Exhibit 1, corrects errors on Exhibit 1 that are brought to the Court's attention through the comment and objection process, or establishes a new methodology for distributing the Settlement Fund. However, the size of the Settlement Fund and Defendant's monetary obligations under this Order shall not be increased.

D.   Within 21 days after entry of the Settlement Allocation Order, the Commission shall mail the Settlement Allocation Order and the Agreement and Release to each Eligible Claimant listed on Exhibit 1. The Commission will instruct Eligible Claimants to send the executed Agreement and Release to Allstate (to its notice address provided herein) and will provide the deadline by which the Agreement and Release must be submitted to Allstate in order to receive the settlement payment.

## IX. Training

Within 6 months after this Order, Defendant shall instruct the Policy Committee of its Human Resources Department on Defendant's obligation under Section VI of this Order. In the next training on equal employment opportunity given to this Policy Committee, the training shall include a segment on Defendant's obligations under the ADEA and will address the issue of adverse impact. This training shall occur within 6 months after this Order.

## X. Posting

A.   For 6 months immediately following this Order, Defendant shall post a copy of the notice included as Exhibit 4 ("Notice to Allstate Insurance Company Employees") where it

can readily be observed by its Headquarters Human Resources staff and outside of Human Resources, at all locations where Defendant posts its notice required under 29 C.F.R. §1627.10.

B.  Defendant shall continue to post the notice required by 29 C.F.R. §1627.10 in prominent and accessible places where it can readily be observed by all of its employees and applicants.

### XI. Reporting

A.  If required under Section VI(B), at least 14 days prior to adopting a policy described in Section VI, Defendant shall provide to the Commission a copy of the policy and a copy of all studies or a written description of all other actions taken by Defendant to determine whether or not the policy has a disproportionate impact upon current and/or former employees who are age 40 or over.

B.  Within 30 days of the completion of the training under Section IX, Defendant shall inform EEOC that the training was completed, the nature of the training, and the names and job titles of participants.

C.  During the term of this Order, Defendant shall allow representatives of the Commission, within normal business hours and with reasonable notice, to review Defendant's compliance with Sections VI, IX, and X of this Order by inspecting and copying any relevant documents, interviewing relevant employees, and inspecting relevant portions of its business premises. If the Commission notifies Defendant that it needs additional information to review compliance with this Order or to investigate charges filed during the term of this Order concerning alleged age discrimination in the rehire of former employees, Defendant shall comply promptly with all reasonable requests, including those for machine-readable personnel data in a format agreed to by the parties, concerning its employees. Defendant shall be responsible for its costs associated with this monitoring.

D.   Nothing in this Order shall be construed to prohibit the Commission from processing any charge of discrimination which alleges a violation of the ADEA which occurred outside the Scope of this Order as defined in Section IV.

## XII. Costs

Each party shall bear its own costs and attorneys' fees for this action.

## XIII. Notices to Parties

Notices that are required under this Order to the Commission shall be in writing and sent to:

C. Felix Miller
Equal Employment Opportunity Commission
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, Missouri 63103

Notices that are required to Defendant shall be in writing and sent to:

Iris Chester
Allstate Insurance Company
2775 Sanders Road, Suite F-5
Northbrook, Illinois 60062

BY CONSENT:

So Ordered this 14th Day of September, 2009.

*[signature]*
E. Richard Webber
U.S. District Court Judge